UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

COURT CASE NO._____

| | |
|---|---|
| **ERIC J. PORTER** on behalf of self and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**MAYOR MICHELLE WU**, in her official and individual capacity, **DR. BISOLA OJIKUTU**, in her official and individual capacity as Director of the Boston Public Health Commission, **KATHLEEN JOYCE,** in her official and individual capacity as Commissioner of the Boston Licensing Board,<br><br>Defendants. | **REQUEST FOR TRIAL BY JURY** |

**COMPLAINT FOR DECLARTORY JUDGMENT AND**

**MONETARY DAMAGES TO THE PLANTIFF**

## INTRODUCTION

1. On January 15, 2022, Mayor Michelle Wu enacted an executive order that mandated vaccinations (EUA) and required all individuals living in or visiting Boston to present medical records in order to enter: a) Indoor food service businesses, b) Indoor entertainment venues, and c) Indoor fitness/athletic establishments.

2. These were private businesses, not municipal or government buildings/business, and were coerced into enforcing this mandate under threat of penalties  Under the mandate, businesses were required to review individuals' private medical records as a condition of entry, forcing private establishments to act as de facto policing agents for the city.

3. Unrelated to this mandate, The City of Boston had an employee mandate for which some employees were exempted from vaccine requirement, mostly based on employment contracts. It was unclear if these employees were allowed to enter such businesses without presenting their medical records or if there was a methodology for such an exemption. This created arbitrary and unequal treatment among different several classes of individuals.

4. Plaintiff, Eric Porter, was prevented from accessing public accommodations in violation of his constitutional rights and federal civil rights laws.

## PARTIES

5. Plaintiff Eric Porter is a 27-year resident of Allston, Massachusetts, and resides alone.

6. Defendant Mayor Michelle Wu is the Mayor of Boston, having taken office after a special election following the departure of former Mayor Marty Walsh. She enacted the vaccine mandate without proper legal authority and enforced it in a manner that violated constitutional and statutory rights.

7. Defendant Dr. Bisola Ojikutu is the Director of the Boston Public Health Commission and oversaw the implementation of the vaccine mandate despite lacking legislative authorization.

8. Defendant Kathleen Joyce is the Commissioner of the Boston Licensing Board and was responsible for enforcing penalties against private businesses that failed to comply with the unconstitutional mandate.

## NATURE OF ACTION AND JURSIDICTION

9. This is a civil action under 42 U.S.C § 1983 and 1985 seeking damages, declaratory judgment and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiffs of rights secured under the Constitution and laws of the United States and the Constitution and Declaration of Rights of the Commonwealth of Massachusetts.

10. This action arises under 42 U.S.C. § 1983 in relation to Defendants" deprivation of Plaintiffs" Constitutional rights to gather in public spaces under the first Amendment and Title II

of the Civil Rights Act of 1964 (42 U.S.C. § 2000a(a)(b), free from unreasonable seizure without a warrant under Fourth Amendment, to Due Process and Equal Protection under the Fifth and Fourteenth Amendments to the U.S. Constitution. Accordingly, this Court has Federal Question Jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has authority to award the requested declaratory relief under 28 U.S.C. § 2201; any injunction and/or damages under 28 U.S.C. § 1343(a). Plaintiffs, therefore, seek declaratory judgment and damages accordingly.

11.  The U.S. District Court for the District of Massachusetts is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is the District in which Defendants either maintain offices or do substantial official government work in. their authority in their official capacities, and will continue to enforce the Orders and Emergency Directives; and it is the District in which substantially all of the events giving rise to the claims occurred.

12.  This Court has supplemental jurisdiction over Plaintiffs" State law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy described by Plaintiffs" Federal claims.

## CONSTITUTIONAL PROVISIONS

13.  **First Amendment** to the United States Constitution provides Right to Assemble in Public Spaces in pertinent part: *"Congress shall make no law ... abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." Plaintiff had right for freedom of movement and right to associate without government intervention.* Plaintiffs who would otherwise have a right to access covered public accommodations under Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a(a)(b).

14.     **Fourth Amendment** to the United States Constitution provides to be free from unreasonable seizure without a warrant

15.     **The Fourteenth Amendment** to the United States Constitution provides in pertinent part: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its <u>jurisdiction the equal protection of the laws</u>.

16.     **The Fifth Amendment** to the United States Constitution provides in pertinent part: No person shall be ... deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

The Massachusetts Declaration of Rights states at:

17.     **Article I:** All men are born free and equal and have certain natural, essential, and unalienable rights; among which may be reckoned the right of enjoying and defending their lives and liberties; that of acquiring, possessing, and protecting property; in fine, that of seeking and obtaining their safety and happiness.

18.     **Article X:** Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty and property, according to standing laws. He is obliged, consequently, to contribute his share to the expense of this protection; to give his personal service, or an equivalent, when necessary: but no part of the property of any individual can, with justice, be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people. In fine, the people of this commonwealth are not controllable by any other laws than those to which their constitutional representative body have given their consent. And

whenever the public exigencies require that the property of any individual should be appropriated to public uses, he shall receive a reasonable compensation therefor.

19.     **Article XII**: No subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him; or be compelled to accuse, or furnish evidence against himself. And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defense by himself, or his council at his election. And no subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled, or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land.

## MUNICIPAL AND OFFICER LIABILITY

20.     **42 U.S.C. § 1983** creates a civil cause of action against an individual acting under color of state law who violates a plaintiff's federally protected rights. 42 U.S.C. § 1983. "A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law" and "second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997).

21.     A municipality will only be held liable under § 1983 "where the municipality *itself* causes the constitutional violation at issue. In order to find a municipality liable, the court must find that: (1) the plaintiff's harm was caused by a constitutional violation, and (2) the city was responsible for that harm. Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st

Cir. 2005). Under Monell v. Department of Social Services of City of New York, a municipality may be held liable under section 1983 where an "action pursuant to official municipal policy of some nature causes a constitutional tort." 436 U.S. 658, 691 (1978). Only where a policy or custom of a municipality evinces a "deliberate policy indifference" to individuals constitutional rights is it actionable under § 1983. City of Canton, 489 U.S. at 389.

22.     "Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011) (quoting Rodríguez-García v. Miranda-Marín, 610 F.3d 756, 768 (1st Cir. 2010)). Section 1983 liability cannot rest solely on a defendant's position of authority. See Ayala-Rodriguez v. Rullán, 511 F.3d 232, 236 (1st Cir. 2007).

## ARGUMENTS/ISSUES

23.     Defendants fraudulent enticed, mislead, and required public to take an EUA vaccination or be deprived of their federally protected constitutional rights. Defendants chose private businesses rather than public state or municipal business as the venue for these rights violations and thereby required said businesses to act as Defendants private policing agency.

24.     The CDC stated 5 months earlier August 2021 that the available EUA vaccines did not stop the spread, so the only way to minimize contagious effects would be to ban all public activities and/or require constant continued covid testing. Regardless of this information, the plan to rollout the vaccination mandate was continued by the City of Boston.

25. Some government employees were exempted and others were not. It is unclear how these exempted employees were allowed to enter the Entertainment facilities. The exceptions were a moving target with nearly daily updates.[1][2]

Out of town entertainment employees needing to work in the entertainment fields were also given an exemption, but It is unclear how these exempted visiting employees were allowed to enter the various indoor facilities.

## CLAIMS FOR RELIEF: DECLARATORY JUDGEMENT

26. Can a municipality under MGL 111 sec 181, require the use of a EUA or experimental vaccination (as opposed to only an approved vaccination)?

27. Does a municipality have the power to require private businesses to act as their policing agency to review private medical records?

28. If Mayor Wu did not sign an Executive Order (Mandate) or cannot produce evidence as such, Plaintiff asks the Court to declare such verbal mandate from 1/15/22 to 2/18/22 an edict and illegal. There is no publicly available evidence Defendant properly: 1) signed and established an Emergency Regulation (Vaccine Mandate) based on Massachusetts

---

1. NBC Boston Website - "Wu initially set the deadline for Jan.15th but pushed it back to Sunday [Jan. 30th] in the face of union opposition". Now, following a judge's order on Thursday Jan 27th, "Boston's vaccination mandate won't go into effect for <u>some</u> city workers. "A Massachusetts Appeals Court judge issued a temporary stay on the mandate for unionized firefighters and *certain* unionized police officers challenging it." https://www.nbcboston.com/news/coronavirus/judge-pauses-covid-vaccine-mandate-for-certain-boston-workers/2625768/

2. Boston Teachers Union Website - "Today the City has issued a second extension of their compliance deadline for their new policy. BPS [Boston Public Schools] and city employees are now allowed an additional week to come into compliance with the policy. No BTU [Boston Teachers Union] bargaining unit member will be disciplined nor placed on administrative leave between now and January 31, 2022. https://btu.org/presidents-message/update-on-vaccine-mandate-1-23-22/

Emergency Regulation (M.G.L. c. 30A, §§ 2) nor properly ended this Mandate. MGL Ch 39 Sec 4 - Mayor must sign every order/ordinance.

29. Under state law MGL 111 sec 181, did Plaintiff and all others similarly situated have the right to forfeit five dollar to have full and free access to public accommodations.

30. Can a Executive Order/Mandate by Mayor violate MGL 111 Sec. 183 and require children to receive vaccination without an allowance for medical exception?

## CLAIM FOR RELIEF: TORT CLAIM

31. Conspiracy to violate civil rights.

32. Intentional fraud and duress, depraved heart, and emotional damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks declaratory relief on above issues 26-30 and jury trial to award punitive and compensatory damages for Plaintiff and all similarly situated. Plaintiff asks Court to grant any further relief deemed just and proper.

## JUDICIAL NOTICE

Legal presentations made by a pro se are held "to a less stringent standard than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). To hold a pro se plaintiff to strict compliance "would be inequitable" as courts would punish a pro se plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." Perez v. United States, 312 F.3d 191, 194–95 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a pro se plaintiff's pleadings are liberally construed." Id. Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers.

Respectfully Submitted,

_____
Eric J. Porter (pro se)
80 Linden St #1
Allston, MA 02134
617-461-3979

Dated: February 18th, 2025

## CERTIFICATE OF SERVICE

I, Eric Porter, do hereby certify under the pains and penalties of perjury that I will serve a copy of the foregoing document with the summons by sheriff office to Defendants.

Dated: February 18th, 2025

Eric Porter (pro se)
80 Linden St #1
Allston, MA 02134