UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ERIC J. PORTER on behalf of self and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MAYOR MICHELLE WU, in her official and individual capacity, DR. BISOLA OJIKUTU, in her official and individual capacity as Director of the Boston Public Health Commission, KATHLEEN JOYCE, in her official and individual capacity as Commissioner of the Boston Licensing Board,<br><br>Defendants. | CASE NO. **1:25-cv-10403-NMG**<br><br><br><br>((( AMENDED ))) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' (CITY) MOTION TO DISMISS**

Plaintiff, Eric Porter, hereby opposes the Motion to Dismiss filed by Defendants Mayor Michelle Wu and Kathleen Joyce (collectively, the "City") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8. For the reasons below, the Court should deny the motion, as Plaintiff has standing, the claims are timely, the Amended Complaint plausibly states claims for constitutional violations under 42 U.S.C. §§ 1983 and 1985(3), and MGL c. 93A applies due to deceptive acts in a public health mandate affecting Plaintiff's rights to commercial activities.

## I. INTRODUCTORY CONCERNS

This complaint affects the plaintiff, every employee in this court, every person working in the whole building, and obviously everyone throughout Boston including its visitors. This case is not limited to what happened, it decides how it will be handled again in the future, which is constantly being threatened in the media with potential different pandemics and flus .

This is a controversy regarding people's medical concerns which the federal government recognizes can include permanent injury and death via such agencies as VAERS, VICP, CICP, and ADA.

It is Plaintiff's understanding that the court accepts and adjudicates the controversies as they are presented to it. What is before the court is both controversies of equity (declaratory judgement claims) and controversies of law (tort claims).

The defendants are attempting to dismiss this whole federal filing, rather than portions of it. Controversies in equity are given broader consideration, and the courts have an obligation to consider them with a wider perspective.

## II. FACTUAL BACKGROUND

- **Boston's "Vaccine Order":** On December 20, 2021, the Boston Public Health Commission (BPHC), under authority allegedly derived from city officials, issued the "Temporary Order Requiring COVID-19 Vaccination for Indoor Entertainment, Recreation, Dining, and Fitness Settings in the City of Boston" (the "Order"), effective January 15, 2022, to February 18, 2022. The Order required proof of COVID-19

vaccination for access to public accommodations (e.g., restaurants, gyms, entertainment venues) and imposed a $300 fine on non-compliant businesses but omitted the $5 forfeiture option mandated by MGL c. 111, § 181 and exemptions for children and adults with doctors note by MGL c. 111, § 183. (EFC 12 at #30 & 31)

- **Plaintiff's Harm:** Plaintiff was denied access to public accommodations, including the White Horse Tavern and Model Café on January 15–16, 2022, had to canceled his gym membership, and endured 34 days of social isolation, causing emotional distress and loss of constitutional liberties.

- **False Claim:** The City Defendants, through the Order and related communications, claimed the vaccine "prevent[ed] the spread of COVID-19" despite the CDC's July 27, 2021, statement that vaccinated did not stop the spread. (EFC 12 at #35). This misrepresentation coerced compliance with the Order.

- **Statutory Violation:** <u>The Order violated the law that allows mandatory vaccinations which is MGL c. 111, § 181, that also includes a $5 forfeiture option for refusing vaccination</u>, as upheld in <u>Jacobson v. Massachusetts, 197 U.S. 11 (1905)</u>, and denied Plaintiff access to public accommodations, unlike Pastor Jacobson.

- **Inconsistent Exemptions:** The Order exempted certain groups (e.g. traveling entertainers) and the City exempted some employees but not Plaintiff nor others of the Proposed Class, raising equal protection concerns. (EFC 12 at #40) also unlike <u>Jacobson.</u>

- **City Defendants' Role:** Mayor Wu, as the city's chief executive, failed to sign or repeal the Order, potentially violating state and municipal law (EFC 12 at #74)., while Kathleen

Joyce, as Commissioner of the Boston Licensing Board, wrongfully enforced penalties against businesses, facilitating the Order's implementation. (EFC 12 at #86).

### III. ARGUMENTS

**A. Standard of Review Under Rule 12(b)(6),**

The Court accepts well-pleaded facts as true, drawing reasonable inferences in Plaintiff's favor, and determines if the complaint states a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rule 8 requires a "short and plain statement" showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff has boiled down and compartmentalized numerous complex issues within his complaint, separately establishing individualize harm related to himself as Plaintiff and harm to a Proposed Class.

**B. Plaintiff Has Standing**

Defendants argue Plaintiff lacks standing under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). This is incorrect:

- **Injury in Fact:** Plaintiff was denied access to public accommodations (White Horse Tavern, Model Café, January 15–16, 2022), canceled his gym membership, and suffered 34 days of social isolation, causing emotional distress and loss of liberty. These are concrete, particularized injuries, not "conjectural" or "hypothetical." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).

- **Traceability**: The injuries are directly traceable to the Order, which City supported or enforced, as Mayor Wu promoted the policy and Joyce imposed penalties on businesses, compelling compliance unlike Dantzler, Inc. v. Empresas Berríos Inventory & Operations, Inc., 958 F.3d 38 (1st Cir. 2020), Plaintiff alleges specific acts by Defendants causing harm and are "fairly traceable".

- **Redressability**: A favorable ruling (e.g., declaratory judgment invalidating the Order or damages under §§ 1983, 1985(3)) would redress Plaintiff's injuries by clarifying legal rights and compensating for harm. Antilles Cement Corp. v. Fortuno, 670 F.3d 310, 318 (1st Cir. 2012). Defendants' claim that the injury stems from third-party regulation (businesses) ignores their role in creating and enforcing the Order.

Plaintiff's specific allegations of denial and harm distinguish this case from generalized grievances, satisfying standing requirements.

### C. Plaintiff's Claims Are Not Time-Barred

Defendants argue the claims are barred by the three-year statute of limitations for §§ 1983 and 1985(3) claims, citing Nieves v. McSweeney, 241 F.3d 46 (1st Cir. 2001), and Govan v. Trustees of Boston University, 66 F. Supp. 2d 74 (D. Mass. 1999). This is incorrect:

- **Timeliness**: The Order was lifted on February 18, 2022, and Plaintiff filed the original Complaint on February 18, 2025, within the three-year statute of limitations as admitted by BPHC. The specific injuries (denials on January 15–16, 2022 until , not being able to go to gym, and 34 days of isolation fall within the three-year period ending February 18, 2025.

- **Continuing Violation**: The ongoing emotional distress from social isolation constitutes a continuing violation, extending the limitations period. Even if initial injuries occurred in January 2022, the Complaint's filing is timely due to on-going trauma.

### D. Plaintiff States Plausible Constitutional Claims Under Monell

Defendants argue Plaintiff fails to plead a Monell claim under § 1983, asserting no unconstitutional policy or custom caused his injuries. <u>Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)</u>. Plaintiff's claims are plausible:

- **Unconstitutional Policy:** The Order, supported by Mayor Wu and enforced by Joyce through business penalties, was a municipal policy that:

  - Violated MGL c. 111, § 181 by omitting the $5 forfeiture option, a statutory right upheld in <u>Jacobson v. Massachusetts, 197 U.S. 11 (1905)</u>, denying Plaintiff access to public accommodations.

  - Misrepresented vaccine efficacy by claiming it "stopped the spread" after the CDC's July 27, 2021, statement, coercing compliance.

  - Discriminatorily exempted employees and entertainers but not Plaintiff, violating equal protection.

- **Constitutional Violations:**

  - Due Process: The Order's denial of public accommodations without the forfeiture option infringed Plaintiff's liberty interest in bodily autonomy and access to public spaces, unlike Jacobson's fine-based mandate. <u>Washington v. Glucksberg,</u>

521 U.S. 702 (1997). Strict scrutiny applies, as the Order was not narrowly tailored (e.g., no forfeiture, false claims) despite a compelling interest (public health).

- **Equal Protection:** Inconsistent exemptions created discriminatory classifications without a rational basis, as the CDC's statement undermined the transmission claim. Harron v. Town, 660 F.3d 531, 537 (1st Cir. 2011).

- **Causation:** The Order was the "moving force" behind Plaintiff's injuries (denial of access, social isolation), as City Defendants' actions (promotion by Wu, enforcement by Joyce) directly caused the harm. Monell, 436 U.S. at 694.

- **Section 1985(3):** Plaintiff alleges a conspiracy among City Defendants and BPHC to bypass MGL c. 111, § 181 and mayoral authority, using businesses to enforce vaccination checks as a workaround for potential HIPAA/HITECH concerns. The unvaccinated were targeted with discriminatory animus, as exemptions were inconsistently applied. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Plaintiff's detailed allegations of the Order's policy and its impact satisfy Twombly's plausibility standard, distinguishing this case from Qualls v. Roache, 2024 WL 1333610 (D. Mass. Mar. 28, 2024).

## E. MGL c. 93A Claim Is Plausible

Defendants argue MGL c. 93A is inapplicable due to no commercial link. This is incorrect:

- **Commercial Link**: The Order required businesses (restaurants, gyms, venues) to verify vaccination status, affecting commercial transactions between Plaintiff and these entities. Plaintiff, as a consumer seeking services, was impacted by the City's deceptive act (claiming the vaccine stopped transmission). A part of Proposed Class is these businesses

- **Deceptive Act:** The City's claim that the vaccine "prevent[ed] the spread" post-CDC's July 27, 2021 first announcement, was a deceptive practice, as it misled consumers into compliance or exclusion.

- **Injury and Causation:** Plaintiff's exclusion from commercial venues and cancellation of his gym membership constitute economic and emotional injuries caused by the City's misrepresentation.

The claim satisfies c. 93A's requirements for a consumer action under § 9, warranting further discovery.

## F. Declaratory Relief Is Warranted

Plaintiff's declaratory judgment claims (e.g., City's lack of authority, fraudulent misrepresentation, violation of MGL c. 111, § 181) present a substantial controversy of sufficient immediacy, as the Order's recurrence remains possible, and Plaintiff suffered concrete harm. Steffel v. Thompson, 415 U.S. 452, 460 (1974).

## G. Standing Doctrine

The Constitution limits the jurisdiction of the federal courts to actual "Cases" and "Controversies." U.S. Const. Art. III, § 2. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy" that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress **for a legal wrong**." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).

Defendants never deny nor address committing "a legal wrong" as extensively laid out by Plaintiff in complaint. Thus, the controversies of violations of the law by the Defendants remain unanswered.

City asks to dismiss the entire complaint without addressing the important Declaratory Judgement issues which are at the heart of the "legal wrong" raised by Plaintiff. City does not addresses nor refutes these legal claims of declaratory judgement issues. Specifically, Plaintiff raises the most important issue that a mandate (executive order) must come from the Mayor not an outside independent state agency and provides the corresponding law in support. (ECF 12 at #74-81) and it must be ended in writing.

## V. CONCLUSION

WHEREFORE, Plaintiff has standing, the claims are timely, and the Amended Complaint plausibly states claims under §§ 1983 and 1985(3) for constitutional violations caused by the City's policy, as well as a c. 93A claim for deceptive practices. The Order's violation of MGL c. 111, §§ 181 and 183, false claim about stopping the spread, and denial of public accommodations warrant strict scrutiny in light of Jacobson for both Plaintiff and Proposed Class. The Court should deny the City Defendants' Motion to Dismiss and allow Plaintiff's claims to proceed to protect all residents and visitors of Boston from these rights violations in the future. <u>The law that allows mandatory vaccinations also includes a five dollar forfeiture option for refusing vaccination – they are inseparable.</u> The Court should deny Defendants' Motion to Dismiss and allow Plaintiff's claims to proceed.

Respectfully Submitted,

_____
Eric J. Porter (pro per)
80 Linden St #1
Allston, MA 02134
617-461-3979

Dated: August 5th, 2025

## CERTIFICATE OF SERVICE

I, Eric Porter, do hereby certify under the pains and penalties of perjury that I will serve a copy of the foregoing document with the via USPS or electronically to Defendants.

Elizabeth R. Teebagy
City of Boston Law Department
City Hall, Room 615
Boston, MA 02118

Whitney Pasternack
Boston Public Health Commission
1010 Massachusetts Avenue 6th Floor
Boston, MA 02201

_____
Eric Porter (pro per)
80 Linden St #1
Allston, MA 02134

Dated: August 5th, 2025

## Local Rule 7.1(a)(2)

I, Eric Porter, Plaintiff hereby certify that I attempted to conferred with Defendant before filing this Amended Pleading, in a good faith attempting to agree or narrow the issues before filing this motion regarding the subject of the present Motion.

_____
Eric Porter (pro per)

Dated: August 5th, 2025