United States District Court
District of Massachusetts

| | |
|---|---|
| Eric J. Porter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 25-10403-NMG |
| Michelle Wu, et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

This case arises from efforts by the City of Boston to limit the spread of the disease during the COVID-19 pandemic.

Plaintiff Eric Porter ("plaintiff" or "Porter") has brought claims against Michelle Wu, personally and in her capacity as Mayor of Boston, Dr. Bisola Ojikutu, personally and in her capacity as Director of the Boston Public Health Commission (the "BPHC") and Kathleen Joyce, personally and in her capacity as Commissioner of the Boston Licensing Board (the "BLB") (collectively, "defendants") related to their actions in implementing Boston's COVID-19 ordinances. Before the Court are defendants' Motions to Dismiss (Docket Nos. 14 and 17) for lack of constitutional standing. For the following reasons, those motions will be allowed.

-1-

I.  **Background**

   **A. Facts**

   In December, 2021, defendant Ojikutu signed an order for the BPHC ("the Order") requiring individuals to show proof of vaccination against COVID-19 in order to enter covered spaces such as restaurants and indoor fitness centers. The Order, which took effect in January, 2022, required businesses to ensure that customers were vaccinated before they were allowed entry and imposed a $300 fine upon a business for each violation.

   Eric Porter ("plaintiff" or "Porter") is a 27-year-old resident of Boston, Massachusetts, who lives alone. After the effective date or the Order, plaintiff asserts that he was denied entry into several Boston restaurants in January, 2022, and was required to cancel his gym membership.[1] Porter complains that he was then subject to extreme isolation for 34 days, during which he suffered trauma akin to solitary confinement, emotional distress and injury to his physical and mental health.

   Plaintiff's claims, which are numerous, are purportedly brought on his own behalf and on behalf of a proposed class of residents of Boston who were denied access to public accommodations or who were coerced into having to be vaccinated

---

[1] The Amended Complaint does not claim that plaintiff is unvaccinated or was unable to provide proof of vaccination at any establishment.

because of Boston's COVID-19 vaccine mandate. Porter alleges violations of his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, as well as numerous state and federal statutes. He further alleges that the Order is based upon false information regarding the efficacy of the COVID-19 vaccines and seeks monetary damages, declaratory judgment and injunctive relief.

Defendants have filed motions to dismiss the complaint (Docket Nos. 14 and 17) under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), and plaintiff his filed his opposition to both motions, albeit one day late.

## II. Motions to Dismiss

### A. Legal Standard

Defendants move to dismiss the complaint for lack of constitutional standing pursuant to Rule 12(b)(1). Under Article III of the United States Constitution, a plaintiff who seeks to bring a claim in federal court must establish that 1) he has suffered an injury in fact that is 2) fairly traceable to the defendants' action and is 3) redressable by a favorable decision. Lujan v. Def. of Wildlife, 504 U.S. 555, 560-61 (1992).

### B. Application

Defendants aver that plaintiff cannot meet any of the three requirements for standing. They argue that Porter's grievances

with the Order are not particularized to himself and instead restate concerns that affected the public at large. Defendants further assert that, even if plaintiff has suffered an injury in fact, his injuries are not fairly traceable to defendants' actions. Finally, defendants respond that the requested relief cannot redress plaintiff's nonexistent injuries.

### i. Injury in Fact

To establish injury in fact, plaintiff must show the invasion of a legally protected interest that is concrete and partialized to him. Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016). A generalized grievance that affects a large number of people is insufficient to show a particularized injury. Hollingsworth v. Perry, 570 U.S. 693, 706 (2013).

Here, plaintiff has pled an injury in fact. He alleges that he was denied entry to the White Horse Tavern and Model Café on January 15 and 16, 2022 and that he was forced to self-isolate and cancel his gym membership. Plaintiff has a legal interest in accessing public accommodations and he has alleged facts that, if true, would establish a violation of such interest. See Kaiser v. Kirchick, 662 F. Supp. 3d 76, 96 (D. Mass. 2023). Plaintiff has therefore alleged injuries sufficiently concrete and particularized to satisfy Article III standing.

### ii. Traceability

To establish traceability, plaintiff must allege a sufficiently direct causal connection between the challenged action and his injury, R&D Master Enter., Inc. v. Fin. Oversight & Mgmt. Bd. for Puerto Rico, 75 F.4th 41, 47 (1st Cir. 2023), but an injury that relies on the actions of a third party is less likely to be traceable to defendants' actions, Delaney v. Baker, 511 F. Supp. 3d 55, 68 (D. Mass. 2021). In the context of a COVID-19 regulation of public establishments, courts have found that injuries are traceable to government action only when an establishment's restriction would not have been imposed absent the challenged order. See, e.g., id. at 70; Cottone v. City of Bos., No. 1:22-CV-10285-AK, 2023 WL 168728, at *5 n.1 (D. Mass. Jan. 11, 2023). Moreover, plaintiff cannot manufacture standing by merely inflicting harm upon himself. Clapper v. Amnesty Int'l USA, 568 U.S. 398, 418 (2013).

Here, the Court concludes that Porter has failed to allege injuries that can be fairly traced to the actions of Boston officials. First, he does not allege why he was denied entry to the establishments. Nor does he claim to have ever been asked for his vaccination records by any establishment, let alone denied entry for his lack thereof. He does not even claim to have been unvaccinated at the time of his denials. Even if the Court were to draw these inferences in his favor, however,

plaintiff has not alleged that White Horse Tavern or Model Café would not have excluded him absent the city ordinance. Plaintiff has therefore failed to demonstrate that any alleged injuries he suffered are traceable to defendants' conduct.

Finally, plaintiff has also failed to show that his social isolation is traceable to government action. He has not alleged that any government order forced him to stay indoors or cancel his gym membership. Because such alleged injuries are entirely self-inflicted, he has failed to show how they could be traceable to defendants' conduct.

### iii. Redressability

Because plaintiff has failed to demonstrate that his injuries are sufficiently traceable to defendants' actions, the Court declines to address the redressability of his claims.

### ORDER

For the forgoing reasons, defendants' Motions to Dismiss (Docket Nos. 14 and 17) are **ALLOWED** and the case is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: March 9, 2026