United States District Court
District of Massachusetts

Eric J. Porter,                        )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )    Civil Action No.
                                       )    25-10403-NMG
Michelle Wu, et al.,                   )
                                       )
        Defendant.                     )
                                       )
                                       )

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of plaintiff Eric J. Porter ("Porter" or "plaintiff"), appearing pro se, to alter or amend a judgment or, in the alternative, for leave to file an amended complaint (Docket No. 27). Plaintiff's motion follows the Order of this Court (Docket No. 25, "the Order") allowing the motions to dismiss of defendants Michelle Wu, personally and in her capacity as Mayor of Boston, Dr. Bisola Ojikutu, personally and in her capacity as Director of the Boston Public Health Commission ("the BPHC") and Kathleen Joyce, personally and in her capacity as Commissioner of the Boston Licensing Board ("the BLB") (collectively, "defendants") (Docket Nos. 14 and 17). For the following reasons, plaintiff's motion will be denied.

-1-

## I.    Background

### A. Facts

In February, 2025, plaintiff filed numerous claims against defendants related to their actions in implementing Boston's COVID-19 ordinances.  The complaint challenged an order that required businesses to ensure that customers were vaccinated before they were allowed entry into certain business establishments and imposed a $300 fine upon a business for each violation.  Porter alleged that implementation of that policy led to the denial of his entry to a bar and to the discontinuation of a gym membership, all in violation of his rights under the United States Constitution.

In March, 2026, the Court allowed motions to dismiss of defendants and dismissed the case entirely (Docket No. 25). Porter timely filed the pending motion to amend or alter that judgment pursuant to Fed.R.Civ.P. 59(e) (Docket No. 27).  He also seeks leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a)(2).

## II.   Motion to Reconsider

### A. Legal Standard

Porter moves the Court to amend or alter the Order pursuant to Fed.R.Civ.P.59(e).  That rule permits a party to file a motion to alter or amend a judgment within 28 days of its entry, but it is an extraordinary remedy that should be used sparingly.

-2-

Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Relief should not be granted unless the movant shows 1) an intervening change in the law, 2) discovery of new evidence or 3) a manifest error of law. Heng Ren Invs. LP v. Sinovac Biotech Ltd., 609 F. Supp. 3d 17, 19 (D. Mass. 2022). Courts will not address new arguments or evidence that the moving party could have previously raised. Banister v. Davis, 590 U.S. 504, 508 (2020).

### B. Application

Plaintiff generally argues that the Court erred in finding his injury was not traceable to the challenged conduct. In support of that argument, he claims that his complaint should have been construed liberally to find that such traceability exists based upon the alleged facts. That is insufficient under the Rule 59(e) standard. A Rule 59(e) motion is not the instrument for plaintiff to advance an argument that he failed to develop or to relitigate arguments that the Court previously considered and rejected. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014). The Court already appraised and rejected Porter's argument that his injuries are traceable to defendants' conduct and will not now reconsider that issue.

### III. Motion to For Leave to File an Amended Complaint

Under Fed.R.Civ.P. 15(a)(2), a party may amend a complaint after 21 days of filing only with consent of the opposing party

-3-

or leave of the Court.  A motion for leave to amend cannot be allowed after entry of judgment unless that judgment is vacated. Palmer, 465 F.3d at 30.

The judgment in this case has not been vacated and thus plaintiff's motion is unavailing.  Even if it were to be considered, such a request would be untimely.  Porter was on notice of the pleading deficiencies since defendants filed their motions to dismiss and any request to correct such deficiencies should have been made at that time. See Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc., 778 F.3d 228, 247 (1st Cir. 2015).  The motion for leave to amend the complaint will be denied.

### ORDER

For the forgoing reasons, the motion for reconsideration and leave to file an amended complaint (Docket No. 27) is **DENIED**.


**So ordered.**


_Nathaniel M. Gorton_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 30, 2026

-4-